IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX ESSETT, <br> SPN #01679269, <br><br> Plaintiff, <br><br> v. <br><br> HOUSTON POLICE DEPARTMENT, <br><br> Defendant. | § § § § § § § § § § | CIVIL ACTION NO. H-21-0653 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Felix Essett (SPN #01679269), is presently in custody at the Harris County Jail as a pretrial detainee. The plaintiff has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against the Houston Police Department regarding injuries that he sustained during an arrest that occurred in 2018. Because he proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Public records reflect that Essett was arrested by officers employed with the City of Houston Police Department ("HPD") on November 27, 2018, and charged with aggravated assault in Harris County Cause No. 1613146 for stabbing the complainant, James Taylor, with a deadly weapon, namely a knife.[1] Essett was later re-indicted and charged with murder in Harris County Cause No. 1634045 for causing James Taylor's death by stabbing him with a knife.[2] Essett remains in custody awaiting trial in the 184th District Court of Harris County, Texas.

In a Complaint that is dated February 25, 2021, Essett has filed suit against HPD, asserting that he was the victim of "police brutality" during an arrest that occurred on November 27, 2018.[3] Essett contends that an unidentified police officer slammed him to the pavement and handled him "very rough," causing unspecified head injuries, a broken hand, and "mental stress."[4] Invoking 42 U.S.C. § 1983, Essett seeks $50,000.00 in compensatory damages for the

---

[1]Indictment in Harris County Cause No. 1613146, available from the Harris County District Clerk's Office, https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited April 28, 2021).

[2]Indictment in Harris County Cause No. 1634045, available from the Harris County District Clerk's Office, https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited April 28, 2021).

[3]Complaint, Docket Entry No. 1, pp. 3, 5, 11.

[4]Id. at 4, 5.

violation of his civil rights.[5] The court concludes that the Complaint must be dismissed because it was untimely filed.

## II. Discussion

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also Redburn v. City of Victoria, 898 F.3d 486, 496 (5th Cir. 2018). This means that Essett had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

Federal law determines when a cause of action accrues under § 1983. See Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016). A claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" by actions attributable to the defendant. Piotrowski, 237 F.3d at 576 (internal quotation marks and citations omitted).

The incident that forms the basis for Essett's Complaint occurred during his arrest on November 27, 2018.[6] The Complaint,

---

[5]Id. at 5.

[6]Id.

which was not filed until February 25, 2021, is well outside the two-year statute of limitations period that applies to Essett's claims.[7]

Although Texas formerly had a provision that tolled the statute of limitations during incarceration, that provision was eliminated in 1987. See Burrell v. Newsome, 883 F.2d 416, 421 (5th Cir. 1989); see also Hagins v. Craig, 24 F.3d 238, 1994 WL 243110, at *2 (5th Cir. 1994) (per curiam, unpublished) ("[T]he provision of Texas law tolling the statute of limitations due to incarceration has been eliminated." (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West 1992) (effective September 1, 1987)). Essett does not articulate any other basis for tolling the statute of limitations for his claim that excessive force was used during his arrest. Because his claims are barred by the two-year statute of limitations, this case will be dismissed as frivolous. See Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003) (per curiam) (citing Gonzales, 157 F.3d at 1019); see also Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) ("[W]here it is clear from the face of a complaint filed in forma pauperis that the

---

[7]Although the Complaint was received for filing on February 26, 2021, a prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date they are delivered to prison authorities for filing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). Using the date most favorable to the plaintiff, the court treats the day that Essett signed the Complaint, February 25, 2021, as the date it was filed. See Complaint, Docket Entry No. 1, p. 11.

claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" as frivolous.).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights filed by Felix Essett (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 30th day of April, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE